# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| ST. CLAIRE WILLIAMS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VIRGIN ISLANDS HOUSING )<br>AUTHORITY, RAY FONESCA, and )<br>GOVERNMENT OF THE VIRGIN )<br>ISLANDS )<br>)<br>Defendants. )<br>_____ ) | CIVIL NO. 2005-0009 |

## **MEMORANDUM OPINION**

FINCH, J.

THIS MATTER comes before the Court on Motions to Dismiss filed by Defendants Virgin Islands Housing Authority (hereinafter "VIHA"), Ray Fonseca, and the Government of the Virgin Islands (hereinafter "Government"). Having examined the briefs prepared by the parties and taken this matter under advisement, the Court issues the following ruling.

**I.     PROCEDURAL BACKGROUND**

Plaintiff has filed this action against the Defendants alleging the following counts: (1) violation of the Virgin Islands Whistleblower Act; (2) breach of contract; (3) bad faith and unfair dealing; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) violation of the First Amendment; and (7) punitive damages. Defendants VIHA and Fonseca filed a motion seeking to dismiss all of the counts contained in the allegations pursuant

1

to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Government joined in that motion and also seeks dismissal of the allegations on separate grounds.

Plaintiff, St. Claire Williams, is a former Deputy Executive Director for VIHA. Plaintiff alleges that on November 27, 2002, Ray Fonseca, Director of VIHA, "reported numerous inaccuracies and made numerous misrepresentations to VIHA regarding VIHA's financial issues." Complaint ¶ 8. According to Plaintiff, these inaccuracies and misrepresentations were repeated to the public between the dates of November 27, 2002 and December 2, 2002. Plaintiff claims that he learned that the statements made by Fonseca were not accurate through his communication with Shirley King, Comptroller of VIHA.

On December 10, 2002, Fonseca presented a reorganization plan to VIHA's Board. This plan listed positions within VIHA that were to be eliminated and other positions which were to be classified. Among the positions listed for elimination was the position held by Plaintiff. On that same day, the VIHA Board approved the reorganization plan.

Fonseca notified Plaintiff that his position would be eliminated due to financial problems with VIHA and Plaintiff was placed on administrative leave effective December 11, 2002 through January 9, 2003. Plaintiff initiated an appeal of the decision to place him on administrative leave. On January 27, 2003, Fonseca notified Plaintiff that he was terminated and that this action was taken without the knowledge, consent, or approval of the Board. Plaintiff, thereafter, appealed his termination to the Board. After rescheduling Plaintiff's hearing on several different occasions, the VIHA Board notified Plaintiff that the agency was now under the receivership of the United States Department of Housing and Urban Development. Plaintiff's appeal was stayed indefinitely.

2

## II.     STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). The Court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III.     DISCUSSION

### A.     *Count I – Violation of Whistleblower Protection Act*

In Count I, Plaintiff alleges that his termination was a violation of the Virgin Islands Whistleblower Protection Act (hereinafter "WPA"). Section 122 of the WPA states:

> [a]n employee shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this territory or the United States to a public body unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action.

10 V.I.C. § 122. Defendants contend that this Count should be dismissed for three reasons: (1) a claim under the WPA cannot be brought in District Court; (2) Plaintiff failed to timely file the Complaint in violation of the statute; and (3) Plaintiff never reported a violation of law, which is required under the statute.

**1.      Whether a Claim Under the WPA Can Be Filed in District Court**

Defendants' argue in their motion to dismiss that a claim brought under the WPA can be brought only in the Superior Court of the Virgin Islands. Section 123 of the Act provides:

> [a]n action commenced pursuant to subsection (a) of this section may be brought in the Superior Court division where the alleged violation occurred, the Superior Court division where the complainant resides, or the division where the person against whom the civil complaint is filed resides or has his principal place of business.

See 10 V.I.C. § 123 (b).

Although the WPA purports to require a filing in Superior Court of the Virgin Islands, a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction. See Hindes v. FDIC, 137 F.3d 148, 168 n. 14 (3d Cir. 1998); see also, Scott v. School Dist. No. 6, 815 F.Supp. 424, 429 (D.Wyo. 1993) (holding that a state statute which purported to establish exclusive jurisdiction in state court is unconstitutional to the extent it precludes federal courts from exercising supplemental jurisdiction over the state claims).  Thus, this Court should find that a plaintiff can properly file a claim under the WPA in District Court if that claim is properly under the Court's supplemental jurisdiction.

Federal district courts have supplemental jurisdiction over nonfederal claims "that are so related to [the federal] claims in the action. . .that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  Plaintiff's allegations that his First Amendment rights were violated present a federal question over which this Court has jurisdiction. 28 U.S.C. §1331.  The allegations under the WPA arise out of the same facts and circumstances and form part of the same case or controversy.  Therefore, this Court may exercise supplemental jurisdiction over the Plaintiff's WPA claim.

## 2.     Whether Plaintiff Timely Filed a WPA Complaint

Title 10 V.I.C. § 123(a) of the WPA requires an individual to bring a claim within ninety days after the occurrence of the alleged violation.  According to Plaintiff's Complaint, Fonseca notified Plaintiff on December 11, 2002, that he would be placed on administrative leave, and that his termination would be effective January 27, 2003.  Thus, as Defendants argue, Plaintiff had until ninety days from December 11, 2002, or at most ninety days from January 27, 2003, to file his claim for a violation of the WPA.  Plaintiff filed his Complaint on January 21, 2005, nearly two years after he was terminated.

Plaintiff contends that the ninety-day requirement should be tolled under the doctrine of equitable tolling.  A claim may survive a statute of limitations challenge if plaintiff can show that the time for filing a claim would be tolled under one of the following circumstance: (1) the defendant has actively misled the Plaintiff respecting the cause of action; (2) the plaintiff has in some extraordinary way been prevented from asserting his or her rights; or (3) the plaintiff has raised the precise statutory claim in issue, but has raised it in the wrong forum.  School District of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981).

Plaintiff contends that this Court should apply equitable tolling in this case because Plaintiff raised his claim in the wrong forum when he filed an appeal to the VIHA Board. Plaintiff states that he timely appealed the termination to the VIHA Board.  Compl. ¶ 22. However, case law makes it clear that where the filing of an administrative claim or other proceeding is not made a statutory prerequisite to suit but is only permissive, the statute of limitations is not tolled by the pendency of such a claim.  Crown Coat Front Co. v. United States, 386 U.S. 503, 519 (1967); Soriano v. United States, 352 U.S. 270, 273 (1957).  Moreover,

Plaintiff does not allege that he raised a WPA claim before the VIHA Board. Thus, equitable tolling in this instance is not warranted.

### 3. Whether Plaintiff's Actions Constituted the Reporting of a Violation of Law Under the WPA

Because equitable tolling does not apply in this case and Plaintiff's claim under the WPA is time barred, this issue need not be decided by the Court. Due to Plaintiff's failure to file his claim for violation of the WPA within the statutory time frame, the motion to dismiss is granted for all Defendants as to count I.

### B.   *Count II – Breach of Contract*

In his Complaint, Plaintiff alleges that the actions of the Defendants constituted a breach of Plaintiff's employment contract. Plaintiff alleges that his termination without the approval of the VIHA Board was in violation of the VIHA's internal personnel policies, which give the Board sole authority to terminate Plaintiff's position. Compl. ¶¶ 20, 21. Although the VIHA's internal personnel policies were not written into Plaintiff's employment contract, Plaintiff asserts that the policies were part of an implied contract between the parties. VIHA contends that this count should be dismissed because Plaintiff has failed to allege the existence of any contract that granted him an interest in his continued employment.

Internal personnel rules can be considered an implied contract, if there is evidence that the employer intended to be bound by the requirements set forth in those rules. In Smith v. V.I. Port Auth., 2005 U.S. Dist. LEXIS 56, *11 (D.V.I. 2005), the plaintiff sued the Virgin Islands Port Authority on a breach of contract cause of action alleging that the defendants violated the

6

Port Authority's personnel rules and regulations. Although the specific provisions of the personnel rules did not appear in plaintiff's employment contract with the Port Authority, the court explained that "it is well established that internal personnel rules can be construed as an implied contract" so long as the employer intended to be bound. Id. at *10.

Robinson v. Hess Oil Virgin Islands Corp., 19 V.I. 106 (D.V.I. 1982) is the seminal case decided by this Court regarding the contractual theory of recovery in the area of at-will employment dismissals. The Robinson Court followed a growing number of courts recognizing this theory and denied the defendant's motion to dismiss. See Petersen v. First Fed. Sav. and Loan Ass'n of Puerto Rico, 617 F. Supp. 1039, 1042 (D.V.I. 1985). Following the reasoning in Robinson, the Court finds that Plaintiff has stated a viable claim for breach of contract through his allegations that VIHA intended to be bound by the internal personnel rules. Thus, the motion to dismiss is denied as to VIHA. However, the motion to dismiss is granted as to the Government and Fonseca because Plaintiff did not plead that he had a contractual relationship with either of these Defendants.

### C. Count III – Breach of Duty of Good Faith & Fair Dealing

To prevail on this count, there must be the existence of a contract. Under the Restatement (Second) of Contracts, adopted as law in the Virgin Islands, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts § 205 (1981).

The steady trend of case law and statutes has been to apply the duty of good faith and fair dealing to employment contracts terminable at will. See, e.g., Lucas v. Brown & Root, Inc., 736

F.2d 1202, 1204 (8th Cir. 1984); Bruffett v. Warner Communications, Inc., 692 F.2d 910, 918 (3d Cir. 1982); See also Petersen v. First Fed. Sav. & Loan Ass'n, 617 F. Supp. 1039, 1042 (D.V.I. 1985) (confirming employee's right to recover for breach of good faith and fair dealing with respect to employment contract and termination). In Government of the Virgin Islands v. Davis, 2001 U.S. Dist. LEXIS 20191, at *12 (D.V.I. November 29, 2001), the court held that an implied contract between an at-will employee and his employer includes an implied obligation of good faith and fair dealing. Because Plaintiff's alleged implied contract carries with it a duty of good faith and fair dealing, the motion to dismiss this count is denied as against VIHA, but granted as to the Government and Fonseca.

### D.  *Count IV – Intentional Infliction of Emotional Distress*

An action for intentional infliction of emotional distress requires four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1273 (3d Cir. 1979). The conduct in question must have been done with the intention both to do the act and to produce emotional distress, or it must have been done recklessly in deliberate disregard for the high probability that emotional distress would follow. Minerva Marine, Inc. v. Spiliotes, 2006 U.S. Dist. LEXIS 13922, at *119 (D.N.J. March 13, 2006).

The defendants' conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." Restatement (Second) of Torts §46 cmt. d; see Cox v.

Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir.1988); Moolenaar v. Atlas Motor Inns, Inc., 616 F.2d 87, 89 (3d Cir. 1980).  When there is no physical injury, the conduct is expected to be sufficiently extreme and outrageous to guarantee that the claim is genuine.  Moolenaar, 616 F.2d at 89.  It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.  Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997).  In most cases, continuous malicious actions must exist before an employer may be held liable and courts will generally consider the pattern and duration of distress as well as employee susceptibility.  McClease v. R.R. Donnelley & Sons Co., 226 F. Supp. 2d 695, 703 (E.D. Pa. 2002).

In Rouse v. II-VI, Inc., 2007 U.S. Dist. LEXIS 23679, at *46 (W.D. Pa. March 30, 2007), the plaintiff alleged that the defendants committed such actions as (1) discriminating against him on the basis of race and age, (2) staging poor reviews of his work, (3) causing him anxiety by refusing to meet with him, (4) not inviting Plaintiff to weekly meetings, (5) telling all other employees when Plaintiff would be dismissed and (6) having Plaintiff escorted from the building.  Although the conduct complained of in Rouse was continuous in nature and far more extreme than the alleged actions taken by Defendant in the present case, the Rouse court granted the defendants' motion to dismiss, holding that none of this conduct rose to the level of being so "outrageous" as to serve as the basis of an intentional infliction of emotional distress claim.  Id. at *47.  See also Peterson v. First Federal Savings and Loan, 617 F. Supp. 1039, 1042-1043 (D.V.I. 1985) (holding that employer's failure to pay for overtime work and termination of bank

9

employee following employee's requests for improvements to her branch office did not meet the standard necessary for an intentional infliction of emotional distress claim).

The Defendant's actions that led to the termination of Plaintiff's employment with VIHA do not constitute "continuous malicious actions" and the facts, as alleged, are not sufficiently extreme or outrageous to warrant a finding of intentional infliction of emotional distress. Accordingly, this count is dismissed as to all Defendants.

### E.     Count V – Negligent Infliction of Emotional Distress

A physical manifestation of emotional distress is a necessary element to recover on a claim for negligent infliction of emotional distress.  Restatements (Second) of Torts § 313; see Anderson v. Government of the Virgin Islands, 180 F.R.D. 284, 286 (D.V.I. 1998).  Plaintiff does not allege that VIHA or Fonseca's conduct caused him any physical repercussions. Accordingly, Plaintiff's claim for negligent infliction of emotional distress is dismissed as to all Defendants.

### F.     Count VI - Violation of First Amendment

In Count VI of the Complaint, Plaintiff asserts that the Defendants' conduct "constitutes a violation of Plaintiff's First Amendment right to freedom of speech."  Compl. ¶ 43.  Plaintiff's claim for a violation of the First Amendment appears to be a claim under 42 U.S.C. § 1983.  To establish a claim under 42 U.S.C. § 1983[1], a plaintiff must show: (1) that the conduct

---

[1] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

10

complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Carter v. City of Philadelphia, 989 F.2d 117, 119 (3d Cir. 1993).

### 1. § 1983 Liability of the Government of the Virgin Islands

In 1990, the Supreme Court held that a territory is not a "person" within the meaning of section 1983. Ngiraingas v. Sanchez, 495 U.S. 182, 192 (1990). Thus, this count is dismissed against the Government.

### 2. § 1983 Liability of VIHA

In Eddy v. VI Water & power Authority, 35 V.I. 441, 452 (D.V.I. 1997), this Court held that an autonomous instrumentality of the Government of the Virgin Islands, such as the Virgin Islands Water & Power Authority, is not susceptible to suit under § 1983. At first glance, the holding in Eddy appears to insulate VIHA from suit in the instant case. However, to determine VIHA's status, well-established factors that indicate whether an entity is an "arm of the State" must be considered: (1) whether the money that would pay the judgment would come from the state, (2) the status of the agency under state law and (3) the degree of autonomy the agency has. Ballantine v. Virgin Islands Port Authority, 955 F. Supp. 480, 483 (1997). The most important consideration in this analysis is the source of the money to pay a judgment. Id. at 484.

---

United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The court in Ballantine determined that the Virgin Islands Port Authority ("VIPA") is not an "arm of the State" and is therefore subject to liability under § 1983. In arriving at this decision, the court cited the fact that VIPA retains perpetual existence as a separate corporation and any judgment against VIPA would not attach to funds in the state treasury. Id. at 483-484. The Ballantine court noted that VIPA must be considered an agent of the Virgin Islands government only when it bargains with its own employees. Id. at 484.

Applying the factors listed in Ballantine to the present case, the Court finds that VIHA should not be considered an "arm of the State" and, therefore, is susceptible to suit under § 1983. When VIHA was created in 1962, it was granted all powers "necessary and convenient to carry out and perform" the purposes for which it was created. 29 V.I.C. § 35. Among these powers, it may have perpetual succession, sue and be sued, enter into and execute contracts of every kind, promulgate and rescind regulations and by-laws, borrow money, apply for loans, acquire and improve any real or personal property and insure, or provide insurance, for its operations against any risks or hazards. 29 V.I.C. § 35 (1)-(11). "It is thus clear from section 30 alone that the intent of the Legislature was to vest the Authority with all the incidents of corporate life to enable it to fully and adequately discharge its duties and exercise its powers." Greaux v. Government of the Virgin Islands, 14 V.I. 160, 164 (V.I. Terr. Ct. 1977)

VIHA retains a legal existence and personality separate from the Government as a "public body corporate and politic of the Virgin Islands." 29 V.I.C. § 31(a). One of the obligations of corporate standing is to answer for torts and make restitution for injuries caused by negligent acts or omissions. Greaux, 14 V.I. at 164. Under the statutory scheme that governs VIHA's accounts, it is clear that the Virgin Islands government will not be required to pay any

12

judgment entered against VIHA. "Virgin Islands Housing Authority resulted in the establishment of a separate and distinct legal entity, one liable on its debts and responsible for its torts, to the exclusion of any liability on the part of the Government". Id. at 166. The Court concludes that VIHA is its own entity rather than the alter ego of the government and is amenable to suit under § 1983.

### 3. § 1983 Liability of Fonseca

In construing § 1983, the U.S. Supreme Court has considered Eleventh Amendment jurisprudence, barring suits against state employees acting in their official capacities that seek retrospective monetary damages payable from the state treasury, as opposed to the state employees' own pockets. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The phrase "acting in their official capacity" is commonly understood as a reference to the capacity in which the defendant is sued rather than the capacity in which the defendant inflicts the injury. Hafer v. Melo, 502 U.S. 21, 26 (1991).

An employee of a State or Territory, acting in his official capacity, is not amenable to suit under § 1983. Therefore, Plaintiff's complaint against Defendant Fonseca in his official capacity as Executive Director of VIHA is dismissed. A government official is, however, subject to a § 1983 claim if he is sued in his individual capacity. To determine whether or not Plaintiff's complaints against Defendant VIHA and Defendant Fonseca in his individual capacity survive the motion to dismiss, the Court must first consider the validity of Plaintiff's First Amendment claim.

To have a valid First Amendment cause of action based on his employer's reaction to his speech, it is necessary that the plaintiff spoke as a citizen on a matter of public concern rather than as an employee under the scope of his employment. Pickering v. Board of Ed., 391 U.S. 563, 574 (1968). "When public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 126 U.S. 1951, 1960 (2006). Therefore, speech that owes its existence to a public employee's professional responsibilities is not protected. On the other hand, speech that expresses an employee's personal views on matters of public interest receives First Amendment protection. At trial, the plaintiff will bear the burden of showing that his protected speech was a substantial or motivating factor in the alleged retaliation of defendants. Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001). Defendants, in turn, can rebut the plaintiff's allegation of retaliation by demonstrating that the plaintiff would have been fired regardless of the protected speech. Id.

In determining the validity of Plaintiff's First Amendment claim in the instant case, the controlling factor is whether or not Plaintiff's expressions were made pursuant to his duties as Deputy Executive Director for VIHA. Garcetti, 126 U.S. at 1959. The important distinction to consider is between speech made by a public employee carrying out his ordinary job duties and that made by an employee communicating his own individual views on disputed matters of public concern. Because Plaintiff's specific job requirements as former Deputy Executive Director for VIHA are not before the Court, the Court cannot dismiss Plaintiff's complaint against VIHA or Fonseca for lack of a valid First Amendment cause of action at this time.

### G. *Count VII – Punitive Damages*

Punitive damages are awarded at the jury's discretion to "punish the defendant for his outrageous conduct and to deter him and others like him for similar conduct in the future." Restatement (Second) of Torts §908(1). The Supreme Court has held that punitive damages may be assessed for §1983 suits. Smith v. Wade, 461 U.S. 30, 50 (U.S. 1983). Reckless disregard for the plaintiff's rights or intentional violations of federal law are sufficient to trigger a jury's consideration of the appropriateness of punitive damages. Id. at 51. Plaintiff alleges that Defendant Fonseca acted with malicious intent when he violated Plaintiff's First Amendment rights and punitive damages may become available to Plaintiff upon a jury determination. Therefore, the Court cannot dismiss Plaintiff's complaint against Fonseca on this count.

For public policy reasons, punitive damage awards assessed against government agencies are strongly disapproved because such awards would "ultimately be borne by the citizens of the affected community." Powell v. V.I. Water & Power Authority, 20 V.I. 579, 581 (D.V.I. 1984). Under Newport v. Fact Concerts, Inc., 453 U.S. 247 (1980), the Supreme Court held that municipal corporations are immune from an award of punitive damages. Further, the Virgin Islands District Court has held that punitive damages are not available against an agency of the Virgin Islands Government. Chase v. Virgin Islands Port Authority, 3 F.Supp.2d 641, n.1 (D.V.I. 1998) (citing Codrington v. Virgin Islands Port Authority, 911 F. Supp. 907 (1996)); see also, Powell, 20 V.I. at 581 (holding V.I. Water & Power Authority could not be assessed punitive damages absent express authority). Thus, both VIHA and the Government's motion to dismiss is granted with respect to this count.

## IV.     CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED** as to the Government of the Virgin Islands on all counts, **GRANTED** as to VIHA on all counts except for count II for breach of contract, count III for bad faith and unfair dealing and count VI for violation of the First Amendment and **GRANTED** as to Fonseca on all counts except for count VI for violation of the First Amendment and count VII for punitive damages.

**ENTERED this 24 day of October, 2007.**

_____/s/_____
**HONORABLE RAYMOND L. FINCH
U.S. DISTRICT JUDGE**